### HANNULA *v*. CLEVELAND CLIFFS IRON CO.

1. MASTER AND SERVANT—MINES—CONTRACT.

   Though one mining corporation owned a majority of the stock and controlled the business and policy of another, for which plaintiff worked, the dominant company was not responsible for injuries sustained by the plaintiff, who was informed by his time check, whenever he had occasion to sign it, who was the real employer, and had notice by the name on his brass pay check that he was employed by the subservient corporation.

2. SAME—ADMISSIONS—ATTORNEY AND CLIENT—EVIDENCE—APPEAL AND ERROR—HARMLESS ERROR.

   Though letters exchanged between plaintiff's attorney and the attorney for defendant mining company who had authority to advise persons relative to the management of the mine, the correspondence containing his admission that defendant was operating the mine in which plaintiff was employed, later retracted by a second letter which advised plaintiff that another corporation was operating the mine, were admissible as evidence of the ownership and control of the property, the court did not, in rejecting the proofs, prejudice plaintiff, who was not misled, since suit had already been commenced when he received the letters.

Error to Marquette; Flannigan, J. Submitted January 25, 1915. (Docket No. 37.) Decided December 21, 1915.

Case by Arthur Hannula against the Cleveland Cliffs Iron Company for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Le Gendre & Driscoll,* for appellant.

*William P. Belden,* for appellee.

BIRD, J. Plaintiff was injured while working as a trammer in the Hard Ore mine, in Marquette county, under such circumstances that he claims that he is entitled to recover compensation therefor. His right to recover does not seem to be controverted by defendant's counsel; but he insists that, if plaintiff is entitled to compensation, the Cleveland Iron Mining Company is liable therefor, and not the defendant. At the close of the case, the trial court directed a verdict for the defendant on the ground that the plaintiff had sued the wrong party.

It appeared without contradiction that the mine in which plaintiff was working when he received his injuries was the property known in that vicinity as the Hard Ore mine; that the Hard Ore mine is now, and has been, owned by the Cleveland Iron Mining Company for many years; that the Cleveland Iron Mining Company is a Michigan corporation; that the capital stock of the Cleveland Iron Mining Company is owned, save nine shares, by the defendant; that plaintiff had worked in this mine about five months prior to receiving his injuries; that when employed he had been given a brass check which bore his number, and the initials "C. I. M. Co."; and that he had each month received and signed a statement, or time check, in the following form:

TIME STATEMENT.

Arthur Hannula.                              No. 157

In Acct. with Cleveland Iron Mining Co. Hard Ore.

For April, 1909.

Credits.

By 15¼ Shifts at $2.63................   $40.10

Debits.

For doctor ........................... $1.00

For benefit fund ....................    .30   1.30

Balance as per pay roll ..............        $30.80

Received payment in full for the above services.

[Signed]   ADOLPH HANNULA.

(Sign Here)

After signing this statement, he was paid with a check of the defendant, upon which was printed in large type the words "Hard Ore Pay Roll Checks."

The plaintiff defended his course in launching the case against the defendant on the facts herein recited, and on the additional facts that the printed rules of the mining company were promulgated and signed by the defendant; that the defendant paid to the employees the club or insurance money in case of accident to them at its main office; that plaintiff understood that he was working for defendant; and that it was generally understood in the vicinity of the mine that it was being operated by the defendant. The contention of plaintiff's counsel is that this testimony raised a question of fact as to whether defendant was operating the mine, and, further, that even if defendant was not operating the mine, its acts in connection therewith were such as to estop it from denying that it was operating the property.

1. The proofs establish beyond dispute that the Cleveland Iron Mining Company is a corporation, and was not only the owner of the property, but was actually operating it. Undoubtedly, the defendant dictated the policy of the company as is usually done by the dominant interest in nearly all corporations,

whether that interest be owned by individuals or by other corporations. Plaintiff argues that that domination had the appearance of operation, and that he was misled by it into believing that defendant was actually operating the property. This contention would have much force with us were it not for the fact that plaintiff was advised in writing each month when he signed his time check who his employer was. His brass check, which he was obliged to produce when he received his pay, advised him of the same fact. It is not clear to us how plaintiff could have been advised with more certainty by whom he was employed. Measuring it by the ordinary business standards, the possession of such facts would be held sufficient to charge one with knowledge as to who his employer was, and therefore it must be conclusive upon plaintiff in this case.

2. In a telegram plaintiff's counsel inquired of defendant's counsel whether defendant was operating the mine. The reply was in the affirmative. Soon after, however, a letter followed in which defendant's counsel corrected the information given, and advised that the Cleveland Iron Mining Company was operating it. It was conceded that defendant's counsel had the authority to give out such information and that both letters should be considered together. The letters were offered by plaintiff and rejected on the ground that the second letter rendered the first one of no value as evidence. This ruling is assigned as error.

At the stage of the trial at which the letters were offered, we think they were admissible, because they bore upon the main issue as to which company was operating the mine; but the harmful effect of the ruling was neutralized subsequently by the admissions of plaintiff upon his cross-examination. It does not appear that plaintiff was misled by the letters into commencing the suit against the defendant, as the letters

were written some considerable time after the suit was started.   Had these letters been received in evidence, we should have been obliged to reach the same conclusion based upon the plaintiff's own testimony.   The error was harmless.

We are of the opinion that the view taken of the matter by the trial court was the proper one, and the judgment will be affirmed.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.